The order appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Order affirmed.

---

Court of Appeals. Reported. 168 N. Y. 645.

In the Matter of the Application of ELIZA MOULTON, Appellant, to Revoke and Cancel Liquor Tax Certificate No. 18,052, Issued to PASQUALE ACCONCIA, Respondent.

*Matter of Moulton,* 59 App. Div. 25, affirmed.
(Argued October 3, 1901; decided October 22, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made March 8, 1901, which reversed an order of Special Term revoking and canceling liquor tax certificate No. 18,052 and dismissed the proceedings.

*Lincoln G. Backus* and *Henry L. Maxson* for appellant.

*Alfred R. Page* for respondent.

Order affirmed, with costs, on opinion below.

Concur: PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ.

---

Supreme Court, Erie Special Term, November, 1901. Unreported.

In the Matter of ALICE MYERS against the Town Canvassers of the Town of Wales.

MOTION by Myers for mandamus to compel the board of canvassers of the town of Wales, in the county of Erie to reconvene and recanvass the votes cast upon the questions of local option in

said town on the 12th day of March, 1901, and directing said board to reject all votes cast upon the question of local option at said town meeting, and directing the cancellation of the certificate filed with the deputy excise commissioner in the city of Buffalo, etc.

*C. H. Addington,* attorney for petitioner.

*William E. Schenck,* attorney for the State Commissioner of Excise.

CHILDS, J.:  The petitioner seems to have mistaken the remedy. The question of local option not having been properly submitted to the electors of the town at the town meeting held in March, the remedy for such failure is confined to the resubmission thereof at a special town meeting, called in accordance with the provisions of the statute. The precise question on this motion has recently been determined in the Appellate Division of this department in the matter of the application of John B. O'Hara for a writ of mandamus, reported, 63 App. Div. Reports 512, which is conclusive upon this court. The motion must, therefore, be denied, but as there is some controversy in the case, which may have misled the petitioner, without costs.